UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-20206-ALTONAGA/Simonton

UNITED STATES OF AMERICA

vs.

BERNARD BELIARD,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Bernard Beliard (hereinafter referred to as the "defendant") enter into the following agreement:

1.      Pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure, the defendant agrees to waive indictment and plead guilty to the two-count Information which charges that the defendant did (a) knowingly, and with intent to defraud, possess fifteen (15) or more unauthorized access devices, that is, social security numbers of other persons with corresponding names and dates of birth, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(3) (Count 1); and (b) during and in relation to a felony violation charged in Count 1, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, that is, the social security number, name and date of birth of "J.B.," in violation of Title 18, United States Code, Section 1028A(a)(1) (Count 2).

2.      The defendant also agrees to voluntarily surrender all law enforcement certifications and to forfeit all proceeds, including but not limited to approximately four thousand, eight hundred dollars ($4,800.00), the payment he received in connection with his criminal activities.  The defendant agrees to take these steps prior to sentencing in this case.

3.      The defendant is aware that the sentence will be imposed by the Court after considering the

1

advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.      The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to ten (10) years, as to Count 1; and a consecutive statutory minimum term of imprisonment of two (2) years, as to Count 2. Each term of imprisonment, to be followed by up to three years' supervised release. In addition to a term of imprisonment and supervised release, the Court may impose, as to each Count, a fine of up to $250,000 and may order restitution.

5.      The defendant further understand and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $200 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's

2

failure to pay.

6.      This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.  Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.      The defendant is aware that the sentence has not yet been determined by the Court.  The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court.  The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.  The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

8.      This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial

3

and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9.      The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

a. That Section 2B 1.1 is the applicable Guideline;

b. That the base offense level is 6, pursuant to Section 2B1.1(a)(l) of the Sentencing Guidelines;

c. That a 14-level enhancement, for offense involving a loss amount of more than $400,000, applies pursuant to Section 2B1.1(b)(l)(H), of the Sentencing Guidelines;

d. That a 2-level enhancement, for abuse of a position of trust, applies pursuant to Section 3B1.3 of the Sentencing Guidelines;

e. That a 6-level enhancement, for offense involving 250 or more victims, pursuant to Section 2B1.1(b)(2)(C) of the Sentencing Guidelines, is inapplicable;

f. That the adjusted base offense level is 22;

g. That the total offense level is 19, subject to the conditions set forth in paragraph 8.

10.      Although not binding on the Court or the probation office, this Office agrees that if the defendant satisfies all the requirements set out in paragraph 8 for this Office to recommend the full three-level reduction for acceptance of responsibility, then this Office, after full consideration of the advisory Sentencing Guidelines range and the factors set out in 18 U.S.C. 3553(a), will recommend that the

4

defendant be sentenced at the low end of the guideline range if the total offense level is determined to be 19 or higher, as described in paragraph 9(g).

11.     The defendant also agrees that he shall assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to his knowledge have accumulated as a result of illegal activities. Such assistance will involve an agreement on defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to forfeiture. Additionally, defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.  Defendant specifically agrees to the entry of a personal money judgment in the amount of $4,800.00 in U.S. Currency.  Defendant acknowledges that this amount represents the proceeds of the offense to which he is pleading guilty.  Defendant knowingly and voluntarily agrees to waive any claim or defense he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeiture.  Defendant knowingly and voluntarily agrees to waive any appeal regarding the forfeiture.

12.     The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents.  In

addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

13.     This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing.  If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced.  The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

14.     The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office.   In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

15.     The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed,

6

including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing.   The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights.   By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

16.   The entire agreement and understanding between this Office and the defendant is contained in this plea agreement.   There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 5|7|13                                    By: _____
                                                     ROBIN W. WAUGH
                                                     ASSISTANT UNITED STATES ATTORNEY

Date: 5/7/13                                    By: _____
                                                     ANDRE D. PIERRE
                                                     ATTORNEY FOR DEFENDANT

Date: 5/7/13                                    By: _____
                                                     BERNARD BELIARD
                                                     DEFENDANT

7